**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| TYQUAN STEWART BEY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:19-CV-407-HAB |
| MATTHEW LOUGHRAN, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Tyquan Stewart bey, proceeding without counsel, seeks leave to proceed in forma pauperis [ECF No. 2]. He has filed a Complaint [ECF No. 1] naming Parkview Hospital, David Stacks, Mark Baeverstad, Christopher Myers & Associates, David Frank, Matthew Loughran, Brian Broderick, Bloomberg BNA, Rothberg Logan & Warsco LLP, Susan L. Collins, and the Federal Government. Additionally, on October 8, 2019, Defendant filed a motion for Judge Recusal [ECF No. 3]. He asks that the undersigned recuse herself because "she will be added as a defendant" when he amends his complaint and, thus, will have a personal financial interest in the outcome of the case.[1]

For the reasons set forth below, Plaintiff's Motions are denied, and Plaintiff's Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] In a second motion [ECF No. 4], Plaintiff asks that Magistrate Judge Susan Collins be removed because she is a named defendant.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

But the inquiry does not end there. District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). Federal courts are also required to "check to see that federal jurisdiction is properly alleged." *Wis. Knife*

*Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *see also Neitzke v. Williams*, 490 U.S. 319, 326 n.6 (1989).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and must provide "sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

## COMPLAINT ALLEGATIONS

Plaintiff has previously sued Parkview Hospital for violating the Emergency Medical Treatment and Labor Act. Many of his allegations relate to the events that occurred in connection with that litigation, particularly during settlement. Indeed, Plaintiff has already sued most of the Defendants named in this litigation for many of the same actions he complains of in this case.

The settlement conference was conducted by Magistrate Judge Collins. Also participating were Plaintiff and his attorney David Frank and, on the other side, attorneys Stack and Baeverstad. Plaintiff believes that he should have gotten more than $23,000 in settlement of his claims. In particular, he believes he was entitled to $104,000 in punitive damages, but that the people involved in the settlement conference kept pertinent

3

information from him, including information pertaining to punitive damages. Plaintiff asserts that the parties used Magistrate Judge Collins to coerce him into a settlement.

Additionally, Plaintiff asserts that, prior to the settlement, his attorney made statement to Loughran during an interview that put Plaintiff in a false light. He identifies Brodrick as the editor of the resulting article, and Bloomberg as their employer.

**ANALYSIS**

Plaintiff asserts the following causes of action: legal malpractice; conspiracy to commit fraud and to cast Plaintiff in a false light; retaliation for filing a civil complaint; "Equality Act"; false light; intentional infliction of emotional distress; abuse of process against Magistrate Judge Collins, and; judicial misconduct against Magistrate Judge Collins.

Federal courts are courts of limited jurisdiction, *see Johnson v. U.S. Office of Personnel Mgmt.*, 783 F.3d 655, 660 (7th Cir. 2015), and the Plaintiff has the burden to establish subject matter jurisdiction. *See Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). In civil actions, federal district courts most commonly exercise federal question jurisdiction or diversity jurisdiction over cases or controversies. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").

Plaintiff's claims, for the most part, are not based on federal statutes or the Constitution. These include legal malpractice, fraud, false light, intentional infliction of emotional distress, abuse of process, and any conspiracy to commit one or more of the preceding. Plaintiff also cites to the "Equality Act," which is not a duly enacted federal statute. Plaintiff's claim of retaliation appears to identify all the other complained of actions as the retaliatory conduct. That is, his lawsuit against Parkview was the purported reason for the commission of the other torts.

To the extent Plaintiff is pursuing a claim under the Federal Tort Claims Act, his Complaint fails to state a claim for relief. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *See* 28 U.S.C. § 2401(b). Plaintiff's Complaint does not plausibly suggest that he filed the requisite claim.

Moreover, judges are not liable for damages in civil actions for their judicial acts unless they acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will not be deprived of immunity because the action he took was in error, was done maliciously or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. at 356–57. A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump v. Sparkman*, 435 U.S. at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied* , 494 U.S. 1085 (1990). Magistrate Judge Collins had the judicial authority to conduct the settlement

5

conference, as magistrate judges routinely undertake such duties in this district when the parties so request. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge); *see also Stewart v. Parkview Hosp., Inc.*, 1:16-CV-138-TLS-SLC, Joint Mot. for Settlement Conference, ECF No. 53 (filed on 12/8/17). Accordingly, there are no viable federal claims asserted in Plaintiff's Complaint, and no jurisdiction under § 1331.

The Court has jurisdiction over the state law claims only if the parties are (1) completely diverse and (2) if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The Plaintiff, however, has not alleged the Defendants' citizenship. If the Plaintiff wishes to proceed under diversity of citizenship jurisdiction, then he must allege his state of citizenship, and the state of citizenship of each Defendant. The Court will lack jurisdiction, and must dismiss the Plaintiff's case, if a single Defendant is a citizen of Indiana and the Plaintiff continues to pursue exclusively state law claims.

Plaintiff's Motion asking that the undersigned recuse herself because she "will be added as a defendant" is premature.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2];

(2) DISMISSES WITHOUT PREJUDICE the Complaint [ECF No. 1];

(3) GRANTS Plaintiff until November 15, 2019, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee;

(4) CAUTIONS Plaintiff that if he does not respond by the above deadline, this case will be dismissed without further notice; and

(5) DENIES as premature Plaintiff's Motion for Judge Recusal [ECF No. 3].

SO ORDERED on October 16, 2019.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT