UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART BEY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:19-CV-407-HAB |
| MATTHEW LOUGHRAN, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Tyquan Stewart bey, proceeding without counsel, seeks leave to proceed in forma pauperis [ECF No. 7] on an Amended Complaint [ECF No. 6]. The Court granted Plaintiff an opportunity to file an amended complaint after dismissing his original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Amended Complaint names as Defendants Matthew Loughran, Brian Broderick, and Bloomberg BNA.

For the reasons set forth below, Plaintiff's Motion is denied, and his Amended Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of

commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

But the inquiry does not end there. District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and must provide "sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

**COMPLAINT ALLEGATIONS**

Plaintiff previously sued Parkview Hospital for violating the Emergency Medical Treatment and Labor Act. Many of his allegations in this matter relate to the events that occurred in connection with that litigation, particularly during settlement. Previous to a settlement conference conducted by the presiding magistrate judge, Plaintiff's attorney had given an interview to Loughran, who is employed by Bloomberg. Plaintiff alleges that his attorney's statements were not accurate, and implied facts that were not true. He maintains that Loughran knew they were false, and the editor of the article, Broderick, knew or had serious doubts about the truth of the statements. Broderick put commas in places they did not belong. Loughran also talked about Plaintiff's litigation against Parkview at a conference attended by doctors.

Plaintiff alleges that Parkview retaliated against him for filing a claim against it, using others to coerce him into a settlement and to cast him in a false light.

**ANALYSIS**

Plaintiff alleges that he was placed in a false light in retaliation for filing a lawsuit. The Defendants are the individuals he contends are responsible for the contents of a written article and their employer.

The Restatement of Torts defines invasion of privacy by false light as follows:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652E (1977). A plaintiff cannot succeed on an invasion of privacy by false light claim if the alleged communication was accurate. *Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 525 (Ind. Ct. App. 2001).

Relying on implausible speculation and a hyper-technical critique of a news article, Plaintiff alleges that he was cast in a false light. For example, he cites the article as reporting the words of his attorney that he "had PTSD." (Pl.'s Am. Compl. 6.) He alleges this if a false statement because "I have PTSD not had." (*Id.*) In similar fashion, he asserts that the placement of a comma changed the meaning of a statement. He contends that the mere mention of "after hours" in the article implies that he knew about the hospital's after hours and that he was supposed to go to another hospital. These allegations do not state a plausible claim for invasion of privacy by false light.

Plaintiff alleges that his lawyer inaccurately stated that Plaintiff was planning to use his car to commit suicide. He does not suggest how any of the Defendants would have known this was false, or that they misquoted Plaintiff's lawyer. An extraneous comment about the use of a car—whether to drive somewhere to commit the suicidal act or as the lethal instrument—does not create a claim for false light against the individual who reported the interviewee's statements or the individual who edited the article containing those statements.

To the extent any portion of the statements were false or misleading, the Court cannot find any basis to conclude that it was defamatory or could meet the requirements

4

of a false light claim. None of the alleged facts suggest that Plaintiff's reputation in the community was lowered based on the statements contained in the article. That Plaintiff perceived the statements as implicating he was at fault, and not Parkview, is not sufficient. Nothing Plaintiff cites would be "highly offensive to a reasonable person," such that Defendants would have known "that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity," *Curry v. Whitaker*, 943 N.E.2d 354, 360 (Ind. Ct. App. 2011) (quoting Restatement (Second) of Torts § 652E cmt. c.), particularly when considered in light of what Plaintiff had already made public through his lawsuit against the hospital.

To the extent Plaintiff believes that his settlement was coerced, he has not cited to any statutory or common law right that would permit him to attack the settlement in this Court.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 7] and DISMISSES the Amended Complaint [ECF No. 6].

SO ORDERED on November 18, 2019.

                      *s/ Holly A. Brady*
                      JUDGE HOLLY A. BRADY
                      UNITED STATES DISTRICT COURT